# EXHIBIT A

Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Writ of Summons                                    Case ID: CAL16-32126

State of Maryland, Prince George's County to wit:

To:   Aurora Loan Services, LLC
      sv: CSC-Lawyers Incorp.
       Service Company
      7 St. Paul St.,  Ste. 820
      Baltimore, MD 21202

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:

NEIL F. LETREN
105 EAST MILL AVENUE
CAPITAL HEIGHTS, MD 20743

Within 30 days after service of this summons upon you.

WITNESS: the Honorable Clerk of the Circuit Court for Prince George's County, Maryland.

Date issued: September 9, 2016

                                    Sydney J. Harrison
                                              Clerk    # 356

To the person summoned:
    1.  Personal attendance in court on the day named is not required.
    2.  Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    3.  Proper Courtroom attire is expected.  Anything that you would wear to an office that presents a professional appearance is appropriate.  Please no shorts, cut-off jeans, halter, tank or tube tops or other attire that reveals the abdomen or lower back, spandex or mesh garments.

Sheriff's Return

Fee $_____

                                    _____
Note:                                              Sheriff

    1. This summons is effective for service only if served within 60 days after the date it is issued.
    2. Proof of service shall set out the name of the person served, date and the particular place and manner of service.  If service is not made, please state the reasons.
    3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126. If this summons is served by private process, the process server shall file a separate affidavit as required by Rule 2-126 (a).
    4. Direct your responses and questions to Circuit Court for Prince George's County, Clerk of the Circuit Court, 14735 Main Street, Courthouse D1002, Upper Marlboro, MD 20772-9987.  Legal advice cannot be obtained from this office.

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

| | |
|---|---|
| **Neil F. Letren**<br>105 E. Mill Avenue<br>Capital Heights, MD 20743 | )<br>)<br>) |
| Plaintiff, | )<br>)   Civil Action No. CAL16-32126 |
| v. | )<br>) |
| **Aurora Loan Services, LLC.**<br>**Serve**: CSC-Lawyers Incorp. Srvc. Co.<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202 | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Neil F. Letren, files suit against defendant Aurora Loan Services, Llc. ("Aurora") and alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act or "FCRA").

### PARTIES

2.  The Plaintiff, Neil F. Letren, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

3.  Defendant Aurora originates and services prime and subprime residential mortgage loans through wholesale and correspondent channels. The company also buys mortgages originated by other mortgage bankers, banks, and credit unions.

### FACTS

4.  Mr. Letren obtained his credit reports with Equifax, Experian and Trans Union and discovered an Aurora tradeline on all three reports.

1

5.     Aurora was not a current holder of any promissory note to which Mr. Letren was obligated to pay.

6.     Therefore, Aurora's reporting that Mr. Letren had a current obligation with it was inaccurate.

7.     Mr. Letren disputed the inaccurate information reported by Aurora with the CRAs on at least four different and separate occasions.

8.     His disputes were submitted via letters and stated, among other things, that he did not have an account with Aurora and/or was not legally liable on the debt.

9.     Equifax and Trans Union responded to Plaintiff's disputes by deleting or removing the Aurora tradeline.[1]

10.     Experian responded by indicating it forwarded the dispute to Aurora and that Aurora verified the information as being reported accurately.

11.     Plaintiff Letren continued to dispute the Aurora tradeline with Experian. In his disputes he continued to state that Aurora did not hold a mortgage account against the Plaintiff. Referenced and enclosed with his disputes were the Equifax reinvestigation results and Trans Union investigation results both of which showed the Aurora tradeline was deleted.

12.     Upon information and belief either Aurora instructed Equifax and Trans Union to delete the tradeline or Aurora was unable to verify the reported information and Equifax and Trans Union removed the account despite Aurora's instructions to continue reporting the account.

13.     Either Aurora failed to report its investigation results of the Trans Union and Equifax disputes to all the other CRAs or Aurora could not verify the information and failed

---

[1] Plaintiff's Equifax dispute was submitted several months prior to the Trans Union dispute.

2

to report its inability to verify the account and failed to instruct the CRAs to delete the information.[2]

17.     As a result of Aurora's inaccurate reporting, the CRAs issued several credit reports containing the inaccurate and derogatory Aurora tradeline on Plaintiff's credit reports.

## COUNT ONE: VIOLATION OF FCRA
### (15 U.S.C. §1681s-2(b))

18.     The allegations set forth in paragraphs 1 - 17 above are re-alleged and incorporated by reference as if fully set forth herein.

19.     In response to Plaintiff's disputes, Aurora did not conduct a thorough, detailed and careful inquiry of Plaintiff's claims. Instead of conducting a reasonable investigation and properly responding to Plaintiff's disputes, Aurora performed a quick, sloppy, and superficial response, which consisted of nothing more than merely verifying identification information and/or matching the information on the credit reports with the information that Aurora had on its computer system or the same information previously reported by Aurora to the CRAs.

20.     Because Plaintiff disputed that he a debt with Aurora or that he had a legal obligation to pay Aurora, Aurora should have sought to verify the actual loan documents that legally obligate Plaintiff on the debt.

21.     Had Aurora performed its statutory obligations, then it would have discovered that it did not have the actual loan documents that legally obligated Plaintiff on the debt.

22.     Had Aurora performed its statutory obligations, then Aurora would have reported to the CRAs that it did not have loan documentation proving Plaintiff Letren was obligated to pay it.

---

[2] As noted in the immediately preceding paragraph 12 Equifax and Trans Union deleted the Aurora tradeline notwithstanding Aurora's instructions to continue reporting the tradeline. On the other hand Experian parroted Aurora's instructions despite Aurora's inability to verify the information.

23. Aurora further compounded its violations by failing to even report to the CRAs that the Plaintiff disputed the accounts.

24. Had Aurora performed its statutory obligations, then Aurora would have actually conducted a detail, careful review of the Plaintiff's dispute that was forwarded from the CRAs, and would have instructed the CRAs to delete the tradelines because it could not verify Plaintiff's obligation on the debt.

25. Aurora's procedure to simply data match information that it previous reported or has on its computer desktop with the information currently be reported to the CRA rather than to conduct a careful inquiry into the substance and merits of a dispute is unreasonable and a willful violation of the FCRA.

26. Aurora's intentional decision to report a debt against the Plaintiff while knowing it did not verify his legal obligation under the debt was a willful violation of the FCRA.

27. Accordingly, Aurora's failure to comply with the requirements of 15 U.S.C. 1681s(2)(b)(1)-(5) is willful within the meaning of 15 U.S.C. 1681n(a).

28. Alternatively, Aurora's failure to comply with the requirements of 15 U.S.C. 1681s-2(b) was negligent within the meaning of 15 U.S.C. 1681o(a).

29. As a result Aurora's foregoing violations of 15 U.S.C. 1681s-2(b), Plaintiff's suffered actual damages, including but not limited to: out-of-pocket costs, loss of credit, damage to reputation, embarrassment, frustration, humiliation and other emotional and mental distress.

30. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Aurora in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and 1681o.

4

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court

## DEMAND FOR TRIAL BY JURY

31.    Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

NEIL F. LETREN

---

Neil F. Letren
105 E. Mill Avenue
Capital Heights, MD 20743
Tel: (240) 838-6601
E-mail: neilletren@msn.com
*Pro Se Plaintiff*

5

Thomas Alston
10012 Cedarhollow Lane
Largo MD 20774



U.S. POSTAGE
PAID
UPPER MARLBORO, MD
20772
SEA AUG
AMOUNT
$1.36
R2304M116204-05

1000          21202

CSC Lawyers Inc
7 St. Paul Street
Baltimore, MD 21202